2311 47 Stone v. Vail Resort Development Company. Ms. Krass, you may proceed. Thank you, Your Honor. May it please the Court, my name is Mikayla Krass and I represent the appellants Dr. Nelson Stone and the Stone family LLC. At its core, this case is actually quite simple. Does the law provide a forum for the Stones to recover their contractual right to attorney's fees? And this is an issue of first impression for this Court. Can an arbitration clause in a document unilaterally drafted and executed by one party take away the other party's contractual right to attorney's fees by denying them a forum to have that claim heard? While arbitration has been touted as providing efficient, cost-effective, streamlined proceedings, this case has almost taken 15 years and it is a simple breach of contract case. Despite that, the Stones have yet to get full relief in any forum and I think that is, quite honestly, a miscarriage of justice in this case. Over their objections, the Stones were told they needed to go to arbitration. In good faith, they went to arbitration, they arbitrated their breach of contract claim and they received a ruling from the arbiter that Vail Resorts breached the purchase and sale agreement. At that point, they moved for attorney's fees because there was a contractual fee shift in the purchase and sale agreement. For the first time after they received that award, Vail Resorts argued, no, the arbiter doesn't have jurisdiction over the attorney's fees. So the Stones went back to the district court and said, look, either the arbiter has jurisdiction or the district court has jurisdiction. We believe because you sent everything to arbitration that the arbiter should have jurisdiction over the attorney's fees. Once we got to the district court, the district court then found that the arbiter's decision was not a jurisdictional decision but a merits decision. Despite the plain language of his order, that's what the district court found. And Vail Resorts has co-opted that and their argument now is that the arbiter didn't lack jurisdiction to decide the fee issue. He only lacked jurisdiction to award the fee issue. So you're continuing to argue then that the arbiter lacked jurisdiction? Well, we argue that that's what the arbiter found. So when you look at the arbiter's order, I think he's very clear that he's talking about that he doesn't have jurisdiction. He says, I just want to quote it because I think it's important. The arbiter does not possess the requisite jurisdiction to grant fees and costs in this dispute. To the extent claimants are entitled to fees and costs under the PSA is a circumstance for which authority does not exist within the confines of this arbitration. So nowhere in there does he say that the terms of the condo declaration actually breach or supersede the terms of the purchase and sale agreement. He just says, look, the condo declaration sets forth my jurisdiction. It says I can't award fees, so I can't award fees. Despite that, the district court... No, I'm not arguing he exceeded his authority. So the body that has to determine whether a claim is arbitrable... What is your motion asking for then? Are you asking for the order to be vacated and modified? Are you moving to compel arbitration? What exactly is the theory of your motion? We're simply asking the court to compel that issue back to the arbiter. We need the district court to tell the arbiter that he has jurisdiction over the fee dispute. And that's really all we're asking for. Can I... When you answer Judge Matheson and said you're not arguing that the arbitrator exceeded his authority... Right. I want to probe that a little bit because the arbitrator, in your interpretation in the last two sentences of the order, said that he did not have authority to grant it and to the extent that Dr. Stone has a right to attorney fees, that's not a circumstance within my authority. And you are saying that the arbitrator was wrong. The arbitrator made an adjudication that he did not have authority to decide one way or another the entitlement to attorney fees, right? Yes, I think in essence that's what we're saying. Look, the arbiter believed he didn't have authority. He actually did have authority. I believe the district court's original order gave him that authority to cite all the issues that touch on the contract. And you do argue elsewhere, of course, that this is within the domain of the district judge, not the arbitrator. But under the Federal Arbitration Act, there's a very restricted standard of review. So if the arbitrator incorrectly exceeded his authority by adjudicating his own authority incorrectly, are we then to review that adjudication under the arbitrary breaches standard? Well, so I don't think we view it as he exceeded his authority. He simply was saying, look, I don't have authority. If somebody's going to decide whether I have authority, it's the district court. And the cases are very clear that the district court is the body that has to determine whether a claim is arbitrable, right? And you say that in your briefs, a claim, a controversy, a dispute. Here it's a precise issue within a claim. Yes. And so do you have any authority that, and if you cited some, just point me to it, that I did read your authorities and I didn't see that any of those cases involve a discrete issue within the domain of a larger claim. Saying that the district judge has authority to adjudicate the arbitrability not only of the larger controversy, the larger dispute, but every issue within that larger span. Well, I think the cases that say that any issue that touches on the contract, those are, those stand for the proposition that it's the district court that needs to decide, you know, whether all of those issues go to the arbiter or not because they touch on the contract. Because it was a broad arbitration clause? Because of the broad arbitration clause. We were told there's a broad arbitration clause here. Obviously, we lost that issue. We lost that we had to go to arbitration, that it was a broad arbitration clause. We accepted that. We went to arbitration. We did everything that we were required to do. And now we're being told that nobody has jurisdiction to award these fees. And I don't, obviously, as I said, this is a case of first impression. There is no case that says what do you do when the main contract says you get attorney's fees and the arbitration contract says you don't. Like, there is not a case that decides that issue. Now, there are cases that say, well, if you have a statutory claim, an arbitration clause cannot take away your statutory rights. It cannot take your statutory rights away to attorney's fees. And I think that reasoning should apply to contractual rights because there's no reason to treat the party's contractual rights as somehow less important than a statutory right. That's what they, that's the agreement they entered into. Both parties were bound by it. And I don't see a reason to treat them differently. But, obviously, that's an issue of first impression. This issue you're calling one of first impression, the arbitrator did determine that issue, right? I mean, he said that the condominium declaration trumped the purchase. Let me finish the question. Trump, the purchase and sale agreement and the district court deferred to that interpretation. What's wrong with that? Well, he didn't make that finding. Nowhere, if you read his order, nowhere in there does he say that it. Well, the practical matter he did, didn't he? He said that he didn't have jurisdiction. He said he did not have jurisdiction. That is correct. Yeah, and where else would that come from? It's the condominium declaration. Isn't that what the district court said, too? The district court said that he made a merits decision that the condominium declaration trumped the terms of the purchase and sale agreement. That's what I just said. Restricting the rights to attorney's fees. That's what I just said. And why shouldn't the district court defer to that decision by the arbitrator? Well, a decision about whether something is arbitrable belongs to the district court. It doesn't belong to the arbiter. So that's the first issue. But I think the second issue is that the arbiter here was very clear that he was making a jurisdictional issue. He wasn't saying, you know, if I had the jurisdiction to decide this, I would find that it. Well, is he using the word jurisdiction the way we would as a federal court? Is he talking about subject matter jurisdiction? How is that word being used in this context? Well, I think, and I know Vail cites some cases about, you know, subject matter jurisdiction versus the authority to award certain relief. And I don't think those cases are analogous because obviously district courts are courts of general, you know, jurisdiction when it comes to federal issues, right? An arbiter's authority and jurisdiction are basically synonymous. So they're not, you know, an arbiter is not a court of general jurisdiction. Well, neither is a federal court. Well, on federal issues, you know, there are obviously limits to that. What did my professor say? Federal courts are courts of limited jurisdiction. Thank God. Yeah, fair enough, fair enough. But, you know, in those cases, there was a federal question, right? Well, they found that they had subject matter jurisdiction. And the question in those cases was, well, does the court, even though it has subject matter jurisdiction, have the authority to award a remedy that was not available under the statute? Here, we're not asking for a remedy that was not available under the contract. We're specifically asking for a remedy that was available under the contract. And there has to be a forum in which the stones are entitled to receive their attorney's fees. Because contractual attorney's fees, like the one in the purchase and sale agreement, they're mandatory under Colorado law. The only question you have to ask is whether the fees are reasonable. There's no discretion on whether or not to award them. And so to say that they contracted for this right to a fees and that they don't get them because there's an arbitration clause that takes that right away in an arbitration agreement that was unilaterally drafted by the opposing party seems like a miscarriage of justice. I just want to add one more point. Could I just ask you? Yeah. The district court said your motion was time barred. Was it? I don't think it was because it was not a motion to vacate or amend the arbitration award. So the arbitration award was silent on fees. There was nothing to amend or vacate. I don't believe the stones needed to vacate an award in their favor simply to ask the district court to compel arbitration. So our motion was a motion to compel arbitration. And that's simply the relief that we're asking for. Why shouldn't it be framed, though, as a motion to amend and basically add attorneys' fees to the rest of the award? Well, and I laid this out pretty specifically in my motion. But you can only amend an award under very specific circumstances. And we admit that none of those circumstances apply to this case. But I don't think you should have to ‑‑ if an arbiter didn't have jurisdiction to do something, there's nothing to ‑‑ if he believes he didn't have jurisdiction to do something, there's nothing to amend or vacate. It simply was not before him. And so we believe that the proper remedy was to compel arbitration. One other point I'd like to add is that we have 18 other claimants. By the way, has Vail ever opposed arbitration? I thought Vail was all in on arbitration. Vail, yeah, they were all in on arbitration until they lost. So Vail Resorts asked for attorneys' fees in the arbitration multiple times. They asked for their answer. They asked for it in the arbitration management order. Only when they lost the breach of contract claim did they come up with this new argument that suddenly the arbiter didn't have jurisdiction over it. So I think that's a huge issue. But we have 18 other claimants. Even if you say the stones were untimely, you know, I'm going to be back here arguing the same thing for our 18 other claimants. Like, who has jurisdiction over this claim? Somebody has to have jurisdiction to decide the right to attorney's fees under the purchase and sale agreement. I would like to reserve my remaining time. You may. Thank you. Good morning. May it please the court, counsel. Mike Hoffman for Vail Resorts Development Company. The order confirming the arbitration award against my client should be affirmed. Although you've heard that this is an issue of first impression, this, in fact, is the oldest story in the arbitration book. Somebody doesn't like a decision the arbitrator made, so they come to federal court seeking a second opinion. But that is not the function of the court. The arbitrator determined this issue, and his resolution of it controls. In 2009, the district court compelled arbitration of the stones' claims, all their claims, including their claim for attorney's fees, under arbitration rules established by the condominium declaration. In connection with that motion, did Chief Judge Daniel conclude that the arbitration clause was broad? He did. And so your adversary has argued that because of Chief Judge Daniel's adjudication that the clause was broad, that the arbitration clause would encompass all of the issues that touch on the claim within the arbitration. That's true, isn't it? I don't think anyone's ever doubted that, including the arbitrator. I think that's absolutely right. So you do agree that the availability of attorney fees is within the domain of the arbitrator? Well, within the domain of the arbitrator, let me put it this way. To grant or deny it? I would say it's within his power to deny fees, clearly not within his power to grant fees. The condo declaration says, by accepting the condo declaration taking title, the stones have waived any claim they have to attorney's fees. So the arbitrator read that language of the declaration and he said, clearly, that takes away my power to do it. What if the arbitrator concluded that Dr. Stone is entitled under the PSA to an award of attorney fees and that that waiver clause is a nullity? Does the arbitrator in that scenario have the authority to award attorney fees to Dr. Stone? So if the arbitrator reached that conclusion, which of course is a conclusion he did reach at one point in arbitration, and he reversed himself and changed his mind, look, if he reached that conclusion, I think I would have to have a conversation with my client saying, I don't really see from the language how he got there. I don't see how under the condo declaration he thinks he has the authority to grant fees. It seems very clear. But under the rules that govern arbitration in federal court, once an arbitrator makes a decision like that, you're essentially stuck with it. So you do agree that if the arbitrator had made an adjudication that Dr. Stone was entitled to an award of attorney fees, notwithstanding the condominium declaration, that that would be a binding adjudication? Well, it's hypothetical. I would have to see the process he used. But all I'm saying is given the standard of review of determinations like that, it would be very hard to go to federal court and say that's wrong. Now, I think it would be wrong. I think there would be a culpable argument that he exceeded his powers. There is no culpable argument that he exceeded his powers by not granting fees to the stones. Well, yeah, this is an interesting argument because you, of course, quote Texas versus Biden over and over again, which makes sense for the second to the last sentence. But how do you interpret the concluding sentence of Arbiter Brook, to the extent claimants are entitled to fees and costs under the PSA is a circumstance for which authority does not exist within the confines of this arbitration? Interpret that sentence for me. Sure. A couple of points about that sentence. First of all, that's the one sentence where he doesn't refer to jurisdiction. He talks about authority, which I think is not the same word as jurisdiction, although they can be interchangeable. As the Supreme Court has said, jurisdiction is a word of many, too many meanings. Clearly, he uses it in the paragraph to talk about jurisdiction to grant attorneys fees, not jurisdiction to consider. With respect to that specific sentence, all I think he's saying is if the stones or anyone else had a claim that was actually not related to the condo declaration, then they might be entitled to fees in that circumstance. That's not the case he had in front of him. The district court had determined in order that no one is challenged on appeal, that there are claims related to the condo declaration and were subject to it. So would they have some right to fees and some other proceeding under the PSA that doesn't involve the condo declaration? Maybe. But their claim did involve the condo declaration. Therefore, he had no authority to grant the fees. I think you should bear in mind, the stones did oppose our motion to compel arbitration. I mean, they opposed it. And they said our claim is PSA only, has nothing to do with the declaration. The district court rejected that. No one's challenged it. So I think all the arbitrator is saying in that sentence is, look, if you had a claim that didn't involve the condo declaration, you might be able to get your fees. But that's not this. And this is sort of, how can it not be this? They sued under the PSA. The arbitrator said, you win under the PSA. And then the arbitrator says, under your view, well, the PSA has nothing to do with it. It's the condominium declaration. I don't know. That just makes not a lick of sense to me. Sorry. But can you help me out? Yeah. Yeah, of course. So a couple things. If you read the condo declaration, and this is on 260. I read it. I didn't mean that. But the condo declaration on pages 263 to 264 clearly says, by taking title to your unit and entering into the condo declaration, you waive any claim for fees you might have. Okay, so this is the merits. Well, that's, here's the thing. I don't think this is extremely unusual to have more than one document that relates to a dispute. That's common. That happens all the time. And then the question becomes, well, if you have two documents that relate to a dispute, how do you interpret them together? On the merits. Sure. And so if you're saying, well, Dr. Stone might be entitled to attorney fees under the PSA, but at closing he had the benefit of the condominium declaration, I can see on the merits a very powerful persuasive argument that Dr. Stone had a preexisting right to attorney fees under the PSA, but he waived it. But that's a merits issue. I don't understand how that fits into the box of who makes the decision, the arbiter or the judge. I see. I think we're talking about two different things. We are. Yeah, I apologize. So this is a merits determination for the arbitrator to make, because you're talking about the substantive effect of two different agreements, two different contracts, all of which have been sent to the arbitrator for decision. It's up to him to decide. And so he gets to decide how do these interact, how do they relate together. I see here the Stones have waived their fees. I'm going to enforce that. Also, as an arbitrator, I think some part of the PSA was breached. I'm going to enforce that. This is up to him to do. I mean, sort of like the Supreme Court once said that jurors aren't bound by what seems like irresistible logic to judges. I mean, the same thing is true for arbitration. I mean, arbitration, you sign for arbitration, you get the arbitrator's almost unreviewable view of how things fit together. And I think that's exactly what happened in this case. And it's not as if this issue wasn't brought before the arbitrator and he wasn't focused on it. I mean, don't forget, the Stones filed a motion to strike the fee waiver, saying it was unconscionable. And the arbitrator looked at it and he said, I'm going to deny the motion to strike. And he found the fee waiver was enforceable. So this was an issue that didn't just sort of come up after we lost. It came up before the arbitrator. It even came up before the district court when the Stones went back two years after the court compelled arbitration and said, you know, the no-fee provision is unconscionable. So people were focused on this all along. Sorry, Your Honor. But I do have a question. Okay. This may be a repeat answer for you, but I want to phrase the question a little differently and put it in terms of what I think the Stones are arguing, which is that the district court and not the arbiter had to decide whether this issue, this attorney fees issue, is arbitrable. Could you address that? Sure, a couple things. I think the district court did decide that. Decided that in 2009. Decided it again in 2012 when the Stones moved to reopen the case. The Stones filed a complaint seeking, among other things, fees. And the district court sent everything to arbitration. So in that order, the district court determined that the question whether the Stones were entitled to fees was arbitrable. And no one ever disputed that, including the arbitrator. The arbitrator understood this was a decision for him to make. He never said a single time ever, I don't have jurisdiction to consider this. It's for somebody else. All he said is I don't have jurisdiction to grant that relief. If the Stones really were, if there really had been a situation where the attorney fee issue had been sent to the arbitrator and he didn't consider it, he didn't decide it, there was a remedy. The Stones could have moved under, I think it's 222, to send the issue back to the arbitrator and say, hey, you missed this, you didn't consider it, you didn't decide it. But again, there's a time limit on those motions too, and the motion they filed was too late. Well, let me ask you about that. Do you agree that the question of timeliness turns on whether the Stones moved to compel arbitration, or move to vacate, modify, or change the award? They're untimely either way. It's just a question of how much. If they filed a motion to modify or vacate the arbitration award, they're late by about 30 or so days. This is the 91 day statute. But why would a motion to compel arbitration be untimely? Because the scheduling order in the underlying district court case said you had to file those by November 2009, when my daughter was five months old. She's now a freshman in high school. Well, when your daughter was five months old, the arbitrator, in your view, had concluded that attorney fees is within the subject, within the domain of the arbitrator. The district court had. Yes. Correct. Yeah. And so then when she's a teenager, the arbitrator has this sentence, to the extent claimants are entitled to fees and costs under the PSA is a circumstance for which authority does not exist within the confines of this arbitration. And so Dr. Stone's argument is, well, why would I have filed a motion in 2009 now I've found out on April 4, 2019 that Arbiter Brooks forgot what Judge Daniel had said when your child was five months old. Well, I think the reason the Stones wouldn't have filed the motion way back when is because we filed it. It was granted. Everything was sent to arbitration. And so there would be no need for them. And they opposed arbitration back then. There'd be no need for them to file a motion to compel arbitration. Well, the point is in 2009, they did not know that the arbitrator was going to say in their interpretation of the arbiters order, that the arbiter was concluding that he had authority only to deny, not to grant an award of attorney fees. And so it would have been foolish. There would have just been no reason, they argue, in 2009 to file a motion to compel arbitration. And I'm not sure how your answer meshes with that. Sure. Well, let me try a different answer. Once you get this order and the arbitrator says, look, I don't have the power to do this. I don't have the authority to do it. I don't have the jurisdiction to grant fees. The remedy for that is not to go and file a motion to compel arbitration. The remedy is to file a motion to amend and modify or correct it. And the reason I say the remedy is not a motion to compel arbitration is because that is not the function of a motion to compel arbitration, to tell the arbitrator to change his mind. That's not what it's for. And, in fact, it's improper to try to use it that way. A motion to compel arbitration is directed to a party. It says, go arbitrate. Go have an arbitrator resolve these issues. And, of course, we had never opposed that. We were all in on arbitration. What a motion to compel arbitration cannot do is what the Stones wanted to do. In their language, instruct the arbitrator that his understanding of how the Condo Declaration and the PSA work together is wrong. A federal court can't do that. They have no business doing that. And calling it a motion to compel arbitration doesn't change that. So maybe that's more responsive to your question. So I think I've covered the points I wanted to make. And I do think this case is kind of odd. I lost the arbitration. I'm asking you to affirm that. But, you know, in a sense, this case is sort of more important because if a federal arbitrator doesn't do something that they want, the arbitrator thought he lacked jurisdiction in the subject matter sense. And there's no reason to think that's what the arbitrator is saying here. They can come to federal court and order the arbitrator to do something different. We are back to the days where arbitration awards aren't final, aren't essentially immune from scrutiny. And we're going to be having disputes like this, where the case has been pending since 2009. And it's being asked to go on even further. So although I think this case, in some ways, is a little strange, I do think, again, it is simply just another way for a party to try to attack the merits of an arbitrator's decision, which cannot be done. Arbitration is like the Army. You don't have to sign up. But once you do, you have to follow the rules. That's what happened here. Judge Domenico properly confirmed the award. Professor, do you want to ask questions? Thank you, counsel. Thank you, Your Honor. I appreciate the argument. Is there some rebuttal time for Ms. Crafts? I just want to make one quick point, because I know my time is brief. But there's no dispute that under the district court's original order compelling arbitration, any claim under the purchase and sale agreement is subject to the condo declaration. And if Vail Resorts is correct that you can get fees in some other circumstance under the purchase and sale agreement, that argument makes no sense, because there is no other circumstance. That would render the provision in the purchase and sale agreement providing attorney's fees superfluous. It never had any meaning, because they could have never gotten them because they had to go to arbitration. Thank you. Thank you, counsel. Counselor, excused, and the case is submitted. We appreciate your arguments this morning.